IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOEY KING, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-0628 |
| | § | |
| EQUIFAX INFO. SERVICES, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court in this case is a Motion to Dismiss and Alternative Motion for a More Definite Statement [Doc. # 9] filed by Defendant Bank of America N.A. ("Defendant's Motion"). Plaintiff Joey King has filed a Response [Doc. # 16]. The parties appeared through counsel for an initial pretrial conference at which they clarified their positions on some of the legal issues presented by the Motion. Having considered the parties' submissions and oral argument, all matters of record, and applicable legal authorities, the Court concludes that Defendant's Motion should be **granted in part and denied in part**.

I.    FACTUAL BACKGROUND

This lawsuit arises from Plaintiff's purchase of a vehicle through a Retail Installment Contract, a transaction that Plaintiff believed was a lease. When Plaintiff returned the car, a dispute arose regarding monies owed to Bank of America, N.A. ("BOA") at the termination of the contract. Plaintiff asserts that he "resolved this dispute" by sending a check for some of the fees to BOA "as full and final payment of the claim." BOA has nevertheless continued to report his account as delinquent.

Plaintiff brings this lawsuit against BOA and Equifax Information Services, L.L.C., C.S.C. Credit Services, Inc., and Experian Information Solutions, Inc. (the "credit reporting defendants") asserting violations of the Fair Credit Reporting Act ("FCRA") and § 9.611 of the Texas Business and Commerce Code.  In its Motion, BOA moves to dismiss all claims against it.

## II.    STANDARDS FOR MOTION TO DISMISS

A district court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Thus, the Court must determine whether the complaint states any valid claim for relief in the light most favorable to the plaintiff and with every doubt resolved in the plaintiff's behalf.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.  *Manguno*, 276 F.3d at 725.  However, the plaintiff must plead specific facts, not mere conclusory allegations or unwarranted deductions of fact, in order to avoid dismissal for failure to state a claim.  *Collins*, 224 F.3d at 498; *United States v. Humana Health Plan of Texas*, 336 F.3d 375, 379 (5th Cir. 2003); *Jones v. Alcoa*, 339 F.3d 359, 362 (5th Cir. 2003), *cert. denied*, 540 U.S. 1161 (2004).

In deciding whether a claim should be dismissed, this Court must determine whether the complaint states a valid claim for relief when the pleading is construed in

the light most favorable to the plaintiff and with every doubt resolved on the plaintiff's behalf. *See Collins* 224 F.3d at 498. Statements that merely create a suspicion that the plaintiff may have a right of action do not foreclose a motion to dismiss. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Furthermore, legal conclusions, conclusory allegations, and unwarranted deductions of fact do not suffice to prevent dismissal. *Jones*, 339 F.3d at 362. A motion to dismiss should also be granted when a successful affirmative defense appears on the face of the pleadings. *Kansa Reinsurance Co. v. Cong. Mortgage Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994).

"In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins,* 224 F.3d at 498. Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the complaint and are central to the claim." *Id.*

### III.   FAIR CREDIT REPORTING ACT CLAIMS

BOA argues that Plaintiff has not adequately pleaded that BOA is a "furnisher" of information under the FCRA. In his Complaint, Plaintiff alleges BOA is a "***user*** as defined in the [FCRA]," but also alleges that the bank violated 15 U.S.C. § 1681s-2(b), a FCRA provision that addresses the "[d]uties of ***furnishers*** of information," not users of credit information. Upon review of the Complaint, the Court concludes that the facts pleaded reveal that BOA is clearly a "furnisher." Plaintiff has invoked the proper section of the FCRA but the Complaint contains a typographical error. Plaintiff is

directed to make this correction when he files his amended complaint as ordered in this Memorandum.

BOA next argues that Plaintiff asserts a claim under 15 U.S.C. § 1681s-2(a), which does not provide a private right of action. The Court has reviewed the Complaint, and concludes that Plaintiff is not attempting to assert a claim under subsection (a). Plaintiff agrees that subsection (a) does not provide a private right of action and eschews any such claim. The Motion is denied in this respect.

BOA argues that Plaintiff's claim under 15 U.S.C. § 1681s-2(b) fails because that provision does not provide a private right of action. Subsection (b) imposes a duty on a furnisher of credit information to conduct an investigation with respect to borrowers' disputes and to report the results of that investigation to the consumer reporting agency.[1] BOA urges the Court to follow *Carney v. Experian Info. Solutions*,

---

[1] 15 U.S.C. § 1681s-2(b) provides:

(1) . . . After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall–

(A) conduct an investigation with respect to the disputed information;
(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
(C) report the results of the investigation to the consumer reporting agency;
(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
    (i) modify that item of information;
    (ii) delete that item of information; or
    (iii) permanently block the reporting of that item of information.

(continued...)

57 F. Supp. 2d 496 (W.D. Tenn. 1999), which held there is no private right of action to enforce subsection (b).

The Court declines to follow *Carney* at this time. Section 1681n provides a right of action against "[*a*]*ny person* who willfully fails to comply with *any requirement imposed under this subchapter* with respect to any consumer...." Section 1681o establishes similar liability for negligent failure to comply. The Ninth Circuit, the only circuit court to rule on this issue, determined that Congress intended to create a private right of action for violations of § 1681s-2b based on the plain language of the statute and the statute's legislative history. *See Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057 (9th Cir. 2002); *see also Mendoza v. Experian Info. Solutions, Inc.,* 2003 WL 2005832 (S.D. Tex Mar. 25, 2003) (Hoyt, J.) (concluding that the language of the FCRA creates private right of action for subsection (b)). The Fifth Circuit expressly declined to agree or disagree with the Ninth Circuit on this issue, but noted in *dicta* that the FCRA appears to impose civil liability on "any person" violating a duty under § 1681s-2(b). *See Young v. Equifax Credit Info. Serv. Inc.*, 294 F.3d 631, 639 (5th Cir. 2002).

BOA next argues that Plaintiff has not pleaded facts sufficient to support his § 1681s-2(b) claim. To state a cause of action under § 1681s-2(b), a plaintiff must plead and prove that a ***consumer reporting agency*** (*e.g.*, Equifax) notified the furnisher

---

[1] (...continued)
(2) . . . A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 1681i(a)(1) of this title within which the consumer reporting agency is required to complete actions required by that section regarding that information.

(BOA) of the dispute.  BOA points out that Plaintiff alleges in his Complaint that *he* notified BOA of the dispute.  BOA argues that notification by a consumer is insufficient to trigger its duties under subsection (b).  A multitude of case law supports BOA's position that notice to a furnisher must be from a credit reporting agency.  *See, e.g., Young,* 294 F.3d 631 (5th Cir. 2002).  Accordingly, if Plaintiff cannot amend his Complaint to allege facts in support of each element of the cause of action under § 1681s-2(b) within the confines of Rule 11 of the Federal Rules of Civil Procedure, he must abandon the claim.[2]

### IV.  DEFAMATION AND INVASION OF PRIVACY CLAIMS

BOA claims that Plaintiff's state law claims for defamation and invasion of privacy are preempted.  *See, e.g., Young,* 294 F.3d 631.  Plaintiff's counsel has represented to the Court that he does not intend to press defamation or invasion of privacy claims and will not include them in his amended complaint.  Thus, BOA's Motion in this respect is denied as moot.

### V.  WRONGFUL REPOSSESSION CLAIMS

BOA moves to dismiss Plaintiff's claim under Texas Business and Commerce Code § 9.611 regarding post-repossession notification, arguing that Plaintiff in his Complaint admitted that he "returned the vehicle," and that therefore this provision does not apply, citing *Hose Pro Connectors, Inc. v. Parker Hannifin Corp.*, 889 S.W.2d 555, 557 (Tex. App.—Houston [14th Dist.] 1994, no writ).  Plaintiff argues that the key determination is not how the secured creditor obtained the vehicle —

---

[2] Facts may be alleged on information and belief.

repossessions are frequently voluntary — but, rather, whether the borrower was in default prior to the post-repossession sale. There are serious questions as to whether § 9.611 applies to the events in issue in this case. The Court, however, cannot decide the issue at this time. In his amended complaint, Plaintiff should replead this claim with more detail, if he intends to pursue it.

BOA also moves to dismiss Plaintiff's claim for an injunction under § 9.611. Plaintiff presents no facts warranting for injunctive relief at this time. The Court's rulings on the substantive claims should suffice if Plaintiff prevails. Plaintiff's counsel has represented that he intends to withdraw this request. He may do so without prejudice.

## VI.   ATTORNEY'S FEE CLAIMS

BOA attacks Plaintiff's bases for attorney's fees under § 38.001 of the Texas Civil Practice and Remedies Code, § 17.46 of the Texas Business & Commerce Code, and Chapter 392 of the Texas Finance Code. Plaintiff does not defend these claims, but requests leave to amend his complaint to assert a claim for attorney's fees under the FCRA, 15 U.S.C. § 1681. This request is granted.

## VII.  CONCLUSION AND ORDER

Plaintiff must amend his complaint to comply with the Court's rulings herein. Plaintiff may replead claims under § 1681s-2(b) of the FCRA but not under § 1681s-2(a). Plaintiff may not assert defamation or invasion of privacy claims. Plaintiff may replead a wrongful repossession claim under the Texas Business and Commerce Code § 9.611 but may not seek an injunction thereunder unless specific events arise that

materially alter the circumstances presented.  Plaintiff may assert a claim for attorney's fees under the FCRA but not under Texas law.

The Court finally concludes that, except as stated herein, Plaintiff's Complaint is not so vague or ambiguous that BOA cannot reasonably be required to frame a responsive pleading.  Plaintiff's claims put BOA on sufficient notice to proceed with discovery.  *See* FED. R. CIV. P. 12(e).  Defendant's Motion is denied except as provided herein.  Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 9] is **GRANTED IN PART AND DENIED IN PART.**  It is further

**ORDERED** that Defendants Alternative Motion for a More Definite Statement is **GRANTED IN PART AND DENIED IN PART.**

SIGNED at Houston, Texas, this **15th** day of **July, 2005**.

_____
Nancy F. Atlas
United States District Judge